FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 0 4 2004

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

THEODORE JONES ......................................................... PLAINTIFF

VS.        CASE NO. 4-04 CV00000552 SMR

CITY OF LITTLE ROCK ..................................................... DEFENDANT

This case assigned to District Judge _____
and to Magistrate Judge _____

## COMPLAINT

Comes Theodore Jones, by and through counsel, and for his Complaint, he states:

### PARTIES AND JURISDICTION

1. Plaintiff is a resident and citizen of the State of Arkansas who owns property located within the city limits of Little Rock, Arkansas. The City of Little Rock, Arkansas is a municipal corporation, organized and existing under the laws of the State of Arkansas. This action is brought for deprivation of Plaintiff's Constitutional rights, as allowed by 42 U.S.C. 1983. This Court has federal question subject matter jurisdiction under 28 U.S.C. 1331, as well as supplemental jurisdiction over Plaintiff's State claims under 28 U.S.C. 1367. This Court personal jurisdiction over the parties and venue is proper under 28 U.S.C. 1391(b).

### GENERAL ALLEGATIONS OF FACTS

2. Plaintiff has owned the property at issue for approximately 50 years.

3. When Plaintiff first purchased this land in, this land was used in a commercial enterprise and has always been zoned commercial. Indeed, the land at issue is presently zoned commercial.

4. Plaintiff has continued to use his land for commercial uses, but the Defendant continues to interfere with Plaintiff's use of his land such that the interference constitutes a taking, as that term is understood by the Fifth Amendment of the United States Constitution.

5. Indeed, Defendant has repeatedly instituted proceedings against the Plaintiff, which Plaintiff has always resisted.



DOCUMENT NUMBER
JAMES W. McCORMACK
CLERK OF COURT

## COUNT I

6. Plaintiff realleges the foregoing as if fully set out herein.

7. Plaintiff has both a substantive and procedural due process right to the use and enjoyment of his land.

8. Without due process of law, the Defendant has interfered with Plaintiff's use and enjoyment of his property.

9. Indeed, Defendant's interference with Plaintiff's use and enjoyment of his property has been so substantial as to be a taking without due process of law in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States.

10. As a direct and proximate cause of the Defendant's acts and omissions alleged herein, Plaintiff has suffered severe mental, emotional, and physical distress, lost wages, lost fringe benefits, lost earning capacity and incurred expenses that would not otherwise have been incurred.

WHEREFORE, Plaintiff prays for appropriate compensatory damages, for injunction requiring Defendant to cease and desist its efforts to interfere with Plaintiff's use of his property, for a reasonable attorney's fee, for costs, and for all other proper relief.

Respectfully submitted,

*/s/ L. Oneal Sutter*
L. Oneal Sutter, Ark. Bar No. 95031
HARRILL & SUTTER, P.L.L.C.
Attorneys at Law
Post Office Box 26321
Little Rock, Arkansas 72221-6321
501/224-1050

G:\doc\JONES, THEODORE\CPLT.doc